**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| HUBERT W. O'NEAL, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-02123-JES |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION

Now before the Court is Petitioner O'Neal's Motion (Doc. 1) to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255. For the reasons set forth below, Petitioner's Motion

(Doc. 1) is DENIED and the Court declines to issue a Certificate of Appealability.

### BACKGROUND[1]

On February 3, 2009, Hubert O'Neal was charged in a single-count Indictment alleging

that O'Neal possessed 5 grams or more of cocaine base with the intent to distribute, in violation

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). R. 5. After the United States filed a Notice of Prior

Conviction, *see* 21 U.S.C. § 851, which raised the mandatory minimum sentence to no less than

10 years of imprisonment, O'Neal pleaded guilty to the charge alleged in the Indictment pursuant

to a written plea agreement. R. 11, 23. As part of his plea agreement, O'Neal agreed to waive his

right to collaterally attack his conviction or sentence.

The presentence report ("PSR") identified several prior convictions, including two

convictions for felony drug offenses. R. 29, at ¶ 31. Based on these prior convictions, O'Neal

---

[1] Citations to documents filed in this case are styled as "Doc. __." Citations to the record in the underlying criminal
case, *United States v. O'Neal*, No. 2:09-cr-20004-JES-DGB-1 (C.D. Ill.), are styled as "R.__."

was designated a Career Offender under U.S.S.G. § 4B1.1. His resultant guideline range was 262 to 327 months of imprisonment. *Id.* at ¶ 82. On December 22, 2009, the district court departed from the guideline range based on O'Neal's substantial assistance to the United States and imposed a sentence of 183 months of imprisonment. R. 32. O'Neal did not file a direct appeal.

On May 30, 2017, O'Neal filed the instant Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Therein, O'Neal argues that he no longer qualifies as a Career Offender under the guidelines based on the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2242 (2016). Doc. 1. The United States filed a Response objecting to O'Neal's Motion on multiple procedural and substantive grounds, to which O'Neal filed a Reply. Docs. 7, 8. This Order follows.

## LEGAL STANDARD

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues

raised on direct appeal, absent some showing of new evidence or changed circumstances; (2)

nonconstitutional issues that could have been but were not raised on direct appeal; or (3)

constitutional issues that were not raised on direct appeal, absent a showing of cause for the

default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310,

313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717,

710-20 (7th Cir. 1994).

**DISCUSSION**

Two decisions from the Seventh Circuit, *Hawkins v. United States*, 706 F.3d 820 (7th Cir.

2013) (*Hawkins I*), and *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013) (*Hawkins II*),

preclude relief for Petitioner O'Neal because together they hold a petitioner may not seek on

collateral review to revisit the district court's calculation of his advisory guidelines range. The

Court is bound by the *Hawkins* decisions. Given the interest in finality of criminal proceedings,

in *Hawkins I* the Seventh Circuit held an erroneous interpretation of the guidelines should not be

corrigible in a postconviction proceeding so long as the sentence actually imposed was not

greater than the statutory maximum. *Hawkins I*, 706 F.3d at 823–25. It specifically distinguished

the advisory guidelines from the mandatory system in place at the time of *Narvaez v. United*

*States*, 674 F.3d 621 (7th Cir. 2011) (holding Narvaez's improper sentence under the mandatory

guidelines constituted a miscarriage of justice).

Hawkins moved for rehearing in light of *Peugh v. United States*, 133 S. Ct. 2072 (2013),

in which the Supreme Court held the Guidelines were subject to constitutional challenges

"notwithstanding the fact that sentencing courts possess discretion to deviate from the

recommended sentencing range." *Peugh*, 133 S. Ct. at 2082. The Seventh Circuit denied

rehearing because *Peugh* was a constitutional case whereas *Hawkins I* involved a miscalculated

3

guidelines range, the legal standard in *Peugh* was lower than for postconviction relief, and

*Peugh's* retroactivity was uncertain. *Hawkins II*, 724 F.3d at 916–18 ("[I]t doesn't follow that

postconviction relief is proper just because the judge, though he could lawfully have imposed the

sentence that he did impose, might have imposed a lighter sentence had he calculated the

applicable guidelines sentencing range correctly."). Because O'Neal's only challenge is to the

district court's calculation of his advisory guideline range (i.e., the Career Offender designation),

his claim is not cognizable on collateral review and must therefore be denied.

### CERTIFICATE OF APPEALABILITY

Where a federal court enters a final order adverse to the petitioner, "the district court must

issue or deny a certificate of appealability." Rule 11(a) of the Rules Governing Section 2255

Proceedings for the United States District Courts. To obtain a certificate, the petitioner must

make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"Where a district court has rejected the constitutional claims on the merits, the showing required

to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a petition on procedural

grounds, in order to obtain a certificate, the petitioner must show both that "jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Id*. at 478. The Court declines to issue a Certificate of Appealability here

because it is not debatable that Petitioner O'Neal failed to make a substantial showing of the

denial of a constitutional right with respect to his guidelines claims.

**CONCLUSION**

For the reasons set forth above, Petitioner's Motion (Doc. 1) to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255 is DENIED and the Court declines to issue a

Certificate of Appealability.


This matter is now terminated.

Signed on this 29th day of June, 2018.

<u>s/ James E. Shadid</u>
James E. Shadid
Chief United States District Judge